(80 South. 404)

**McMILLAN et al. v. McMILLAN et al.**
(1 Div. 47.)

(Supreme Court of Alabama.   Nov. 28, 1918.)

PARTITION ⚫═63(1)—BURDEN OF PROOF.

In action for partition of land among ten-
ants in common, where defendants, claiming ex-
clusive title, are in possession of land, the bur-
den is upon complainants to show common title.

Appeal from Circuit Court, Monroe Coun-
ty; Ben D. Turner, Judge.

Suit by Liston McMillan and others against
John McMillan and wife and others.  From
decree rendered, respondents appeal.  Re-
versed and rendered.

Barnett, Bugg & Lee, of Monroeville, for
appellants.
J. D. Ratcliffe, of Monroeville, for appel-
lees.

SOMERVILLE, J.   The bill is filed for a
sale of land for division among tenants in
common.
Complainants, and some of the respond-
ents, claim as heirs of their grandmother,
Mahala McMillan, who, they allege was the
owner of the land at her death.  The adver-
sary respondents are also heirs of Mahala Mc-
Millan, but they claim under an exclusive
title deraigned from Aberdeen McMillan, Sr.,
who was the husband of Mahala.
The decisive question of fact in the case is
simply whether the original owner, one Mc-
Kenzie, sold and conveyed the land to Maha-
la, the wife, or to Aberdeen, the husband.
The evidence shows that the adversary
respondents, John McMillan and his wife,
Martha, have been in the exclusive posses-
sion of the land since 1903, and the burden
is upon complainants to show a common title
by showing that Mahala McMillan was the
owner in her lifetime.
We have examined the evidence with great
care.  Much of it was illegal and inadmissi-
ble, and was duly objected to.  So far as the
direct testimony is concerned, it is about
evenly balanced as to weight and credibility.
The circumstances, however, including the

conduct of the parties, and their relations to the land since the death of Aberdeen and Mahala McMillan, incline us strongly to the conclusion that the land belonged to Aberdeen and not to Mahala. Taking the evidence as a whole, it falls very far short of meeting the burden of proof that rests upon complainants, and we are constrained to hold that the trial judge erred in granting relief.

Let the decree be reversed, and one be here rendered, denying the relief prayed for and dismissing the bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.