139 So. 288

## HOCKSTEIN v. HAMILTON et al.

1 Div. 691.

Supreme Court of Alabama.

Jan. 21, 1932.

D. B. Cobbs, of Mobile, for appellant.

George S. Taylor, W. V. McDermott, and B. F. McMillan, Jr., all of Mobile, for appellees.

208

BROWN, J.

The appellant, alleging that she is a tenant in common with appellees of the lands in controversy, filed this bill seeking to have the lands sold for division among the joint owners.

The appellees are the heirs at law of Joe Lartigue, alias Joe Wyman, who died intestate and without lineal descendants on the 5th day of May, 1922, seized of the lands in controversy.

The bill alleges that said Joe Lartigue left surviving him as his only heir at law, his sister, Rose Lartigue Hamilton, the children of his brother, Jim, who died prior to the death of Joe, and his father, Manuel Lartigue. Appellant purchased from Manuel Lartigue an undivided one-half interest in the lands.

The legitimate paternity of Manuel is denied. The evidence is without dispute that Joe was the son of Mary Wyman, alias Mary Lartigue, alias Mary Manuel, and that there was no ceremonial marriage of Manuel and Mary, but appellant's contention is that the evidence was sufficient to establish their marriage as at common law.

The contention of appellees, on the other hand, is, first, that Joe was the issue of a former marriage with one Wyman, and was born prior to the inception of Mary's relation with Manuel, or was in ventre sa mere, when Mary took up her residence at Manuel's home; and. second, if in fact Joe was the natural son of Manuel, his birth was the issue of a meretricious relation between Manuel and Joe's mother, inefficacious to constitute Manuel Joe's heir or distributee.

The issues presented were of fact, with the burden of proof resting on the complainant to show that she was a tenant in common with the undisputed heirs of Joe. McMillan v. McMillan, 202 Ala. 322, 80 So. 404; 47 C. J. 419, §§ 376, 379, 380 (420) § 381.

The trial court was of opinion that the complainant failed to meet and carry the burden of proof, and dismissed the bill.

After full and careful examination of the evidence, we are not able to affirm error in this ruling, and, as a detailed discussion of the evidence could serve no good purpose, we refrain from doing so.

The assignments of error predicated on the refusal of the court to allow appellant to substitute a narrative statement in lieu of the depositions taken in the form of questions and answers are without merit. Moreover, there appears to have been no objection to the depositions as taken, and filed with the register, and the rules of practice in equity cases neither require nor authorize a change in the form of a deposition authentically taken.

There being no error in the record, the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.